N. M. BENGOCHEA ET AL., demandantes y recurrentes, *v.* N. RUIZ TORRES, h/n/c ADIEREN'S AIRPORT SERVICE, demandados y recurridos.

*Número:* R-74-122      *Resuelto:* 29 de noviembre de 1974

*Carlos J. Santiago Torres,* abogado de los recurrentes; *Arturo F. Porrata Pila,* abogado de los recurridos.

PER CURIAM: La cuestión básica que plantea el caso de autos es si la recurrida (Adieren's) tiene derecho a ampararse en la exención que el Art. 3 (d) de la Ley de Normas Razonables del Trabajo, Ley de 25 de junio de 1938, Ley Pública 89–601, C. 676, 75th Cong., 3d Sess., 52 Stat. 1060 y ss., 29 U.S.C.A. sec. 203 (d), les reconocía hasta 1974 a los empleados de los estados y de sus subdivisiones políticas.

Los recurrentes demandaron a Adieren's por concepto de salarios adeudados bajo dicha ley, montantes en total a la suma de $2,513.00. Adieren's admite que de aplicarse la ley federal tal sería la cantidad a satisfacerse por concepto de salarios. Tampoco existe controversia entre las partes sobre los hechos restantes.

Adieren's opera un parque de estacionamiento público de vehículos en el aeropuerto Mercedita bajo contrato con la Autoridad de los Puertos de Puerto Rico. La Autoridad fija las tarifas que pueden cobrarse por el servicio y prescribe el sistema de contabilidad a utilizarse; establece de común acuerdo con Adieren's las horas de operación del local; exige ciertas condiciones para su mantenimiento, incluyendo la de que se provea suficiente personal de operación, debidamente uniformado, y de vigilancia; requiere que se obtenga su autorización previa en cuanto al equipo a instalarse por Adieren's;

y no permite la utilización del área arrendada excepto para el estacionamiento de vehículos de motor.

Del otro lado, Adieren's tiene plena libertad para contratar y despedir empleados; los supervisa; controla la operación, sujeto a los términos de su contrato; y asume enteramente el riesgo de generar ganancias o incurrir en pérdidas. La Autoridad le cobra un canon mínimo de alquiler o un porcentaje del ingreso bruto mensual, lo que sea mayor.

A base fundamentalmente de los hechos expuestos en el tercer párrafo de esta opinión Adieren's radicó una moción de sentencia sumaria, alegando que los recurrentes eran empleados de la Autoridad de los Puertos y no de ella y que por tanto no tenían derecho a reclamar bajo la Ley de Normas Razonables del Trabajo. Se dictó sentencia sumaria a su favor y los empleados recurrieron en alzada ante nos.

■ Las acciones por sueldos adeudados bajo la Ley de Normas Razonables del Trabajo pueden interponerse, por supuesto, conforme su Art. 16(b), tanto en las cortes federales como en las estatales. *Overnight Motor Transportation Co., Inc.* v. *Missel,* 316 U.S. 572 (1942). El término "estado" que se emplea en la ley abarca a Puerto Rico y sus instrumentalidades públicas. *Quiñones* v. *Central Igualdad* (D.C. P.R. 1940), 2 LC Pár. 18,565.

■ Las exenciones que dispone la ley deben interpretarse restrictivamente. *A. H. Phillips, Inc.* v. *Walling,* 324 U.S. 490, 493 (1945). Notable ha sido en el pasado el esfuerzo de entidades que sostenían relaciones contractuales con el gobierno por reclamar el beneficio de la exención aquí envuelta, argumentando que sus empleados eran verdaderamente empleados públicos y negando su propia condición de contratistas independientes. Algunos contratistas tuvieron éxito, *Selby* v. *Jones Construction Co.,* 175 F.2d 143, 147-8 (6th Cir. 1949), hasta que se impusieron criterios aún más severos que en *A. H. Phillips, Inc.,* supra, en *Powell* v. *United States Cartridge Co.,* 339 U.S. 497 (1950).

■ La determinación de quién constituye un contratista independiente no depende de cómo se designe el contrato por las partes ni de factor aislado alguno. Hay que examinar el conjunto de circunstancias en que se desenvuelve la relación. *Pérez* v. *Hato Rey Bldg. Co.*, 100 D.P.R. 882 (1972). Ciertos criterios merecen, sin embargo, especial peso, tales como la retención de control por el arrendador u otorgante de la franquicia, *Landrón* v. *J.R.T.*, 87 D.P.R. 94 (1964); quién posee la facultad de contratar y despedir a los empleados, *Walling* v. *Sanders*, 136 F.2d 78, 81 (8th Cir. 1943); y la oportunidad de efectuar ganancias que tenga el contratista, *Tobin* v. *Anthony-Williams Mfg. Co.*, 196 F.2d 547 (8th Cir. 1952).

■ A la luz de lo anterior, Adieren's es evidentemente un contratista independiente, sin derecho a cobijarse bajo la exención de la Ley de Normas Razonables del Trabajo disponible hasta hace poco a las entidades gubernamentales. Los elementos de control retenidos por la Autoridad de los Puertos son a todas luces los que deben razonablemente imponérseles a los concesionarios en un aeropuerto para garantizarles a los usuarios un servicio eficiente, seguro y cortés. La facultad de emplear y despedir la fuerza obrera reside exclusivamente en Adieren's (en *Powell*, supra, el gobierno retenía la facultad de requerir el despido de cualquier empleado y aun así no se afectó la condición de contratista independiente de la entidad privada contratante); y Adieren's no ha sido despojada ciertamente de la oportunidad de hacer ganancias. Es cierto que la Autoridad requiere que se le pague una renta mínima y fija también las tarifas, pero ello representa una obligación de ley para facilitar la venta de los bonos de la Autoridad y propiciar su pago, 23 L.P.R.A. sec. 336, que en modo alguno impide que la inversión de Adieren's produzca ganancias, dependiendo de sus gastos y del número de usuarios del aeropuerto.

■ Valga señalar, finalmente, que la interpretación administrativa federal del problema aquí planteado concuerda con nuestra conclusión. Los empleados de un arrendatario o concesionario privado en un aeropuerto, se ha dictaminado bajo el artículo de ley que nos ocupa, no son empleados gubernamentales. W. & H. Opinion Letter No. 121, Aug. 9, 1962.

Se revocará en consecuencia la sentencia dictada y en su lugar se instruirá a los recurridos a pagarles a los señores N. M. Bengochea, Santana Pagán y Alvarado Rentas las sumas de $962.20, $651.80 y $899.00, respectivamente, sobre lo cual no existe controversia, más intereses desde la fecha de la demanda, costas y la cantidad de $300.00 por concepto de honorarios de abogado.